UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

CHERYL L FENELON ET AL        CIVIL ACTION NO.  6:21-CV-01221

VERSUS        JUDGE JUNEAU

U S DEPT OF HOUSING & URBAN        MAGISTRATE JUDGE PATRICK J. HANNA
DEVELOPMENT ET AL


**MEMORANDUM RULING**

Before the Court is a "Verified Complaint and Request for Emergency Injunction" filed by Cheryl Fenelon and Barbara Jackson ["Plaintiffs"] appearing *pro se*, Rec. Doc. 1, against twenty-one defendants including the U.S. Department of Justice and several federal judges.[1] For the reasons set forth below, the Court declines to rule on the TRO at this time and grants the Plaintiffs until August 8, 2021, to amend their Complaint to assert a valid basis for subject matter jurisdiction.

The pleadings of *pro se* litigants are held to a more lenient standard than those of attorneys and are construed liberally, *Mendoza-Tarango v. Flores, 982 F.3d 395, 399 (5th*

---

[1] The complete list of Defendants as stated by Plaintiffs are: U.S. Department of Housing and Urban Development (HUD), Lafayette Bar Association, Tony R. Moore (Federal Court Clerk), Roman Catholic Diocese of Lafayette, Louisiana Services Network Data Consortium (LSNDC), Merritt Chastain, Rickey Hall, Sr (HALL Builders), U. S. Department of Justice (DOJ), Desiree Williams-Auzenne (Lafayette Assistant DOJ), Carol Whitehurst (Lafayette Federal Magistrate); Robert Summerhays (Lafayette Federal Judge), Katherine R. Vincent (Lafayette Assistant DOJ, Louisiana Housing Corporation; Judge Jay Zainey, Sr. (in personal capacity as founder of H.E.L.P.), Cook, Yancey, King & Galloway Law Offices, Pittre Renaia Pogue Walker; Eric Gammons; Samuel Maurice Hicks (Shreveport Federal Judge),.Mark Lane Hornsby (Shreveport Federal Magistrate); Dennis R Everett, Sr., and Lake Bethlehem Baptist Church.

*Cir. 2020).* However, *pro se* plaintiffs must prove that the court has jurisdiction based on the complaint and evidence, *Dos Santos v. Belmere Ltd. Partnership*, 516 Fed. App'x 401, 402-03 (5th Cir. 2013). In addition, *pro se* plaintiffs and are required to plead factual allegations that rise above a speculative level, *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) and must abide by the rules that govern federal courts. *E.E.O.C. v. Simbaki, Ltd*., 767 F. 3d 475, 484 (5th Cir. 2014).

The Complaint in this matter, in addition to naming the parties and stating that the "complaint contains 17 pages of exhibits" which are attached to the complaint" consists of four sentences which contain no factual allegations.[2]

The Complaint asserts that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 because their claims arise under the Fair Housing Act violations ("FHA"), 42 U.S.C. § 3601, et. seq; Conspiracy to violate Civil Rights, and Antitrust Law violations. However, Plaintiffs do not allege any facts regarding how these statutes were violated. In addition, although there are twenty-one Defendants named in the Complaint, the

---

[2] The Complaint, Rec. Doc. 1, states: This civil action arises under Fair Housing Act violations ("FHA"), 42 U.S.C. § 3601, et. seq; Conspiracy to violate Civil Rights, and Antitrust Law violations. Plaintiffs -also file this action for a Temporary Restraining Order, Declaratory Judgment, and Preliminary and Permanent Injunctive Relief and Damages.

II. JURISDICTION AND VENUE
This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 over Plaintiffs' causes of action as federal questions arising from Plaintiffs' claims that occurred in this Western District Federal Court.

PRAYER AND JURY DEMAND
WHEREFORE, Plaintiffs, Barbara Fenelon Jackson and Cheryl Fenelon pray that this complaint be deemed good and sufficient, and after conclusion of due proceedings, that there be entry of judgment in Plaintiffs favor and against the Defendants.

Complaint does not describe what any defendant has to do with Plaintiffs and/or the statutes cited.

Plaintiffs also seek a Temporary Restraining Order, Declaratory Judgment, and Preliminary and Permanent Injunctive Relief and Damages. However, Plaintiffs do not allege their injury or who/what they seek to enjoin.

In addition, while there are 17 pages of Exhibits attached to the Complaint, the Court is unable to decipher what they mean and how they are related to the Complaint.

Even construing the Complaint and the Exhibits liberally, the Court is unable to determine the factual allegations of the Complaint and/or whether it has subject-matter jurisdiction over this matter. Accordingly, Plaintiffs have until August 8, 2021, to amend their Complaint stating a valid basis for subject matter jurisdiction. Once Plaintiffs amend the Complaint, the Court will take up further proceedings on the Temporary Restraining Order if it has jurisdiction to do so.

**THUS DONE AND SIGNED** in Lafayette, Louisiana, on this 8th day of July, 2021.

_____
MICHAEL J. JUNEAU
UNITED STATES DISTRICT JUDGE